**UNITED STATES of America,
Appellant,**

v.

**OZARK AIR LINES, INC., Appellee.**

**No. 74–1317.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 14, 1974.

Decided Nov. 13, 1974.

Richard I. Chaifetz, Atty., Government Regulations Section, Criminal Div., Dept. of Justice, Washington, D. C., for appellant.

Paul L. Bradshaw, Neale, Newman, Bradshaw & Freeman, Springfield, Mo., for appellee.

Before VOGEL, Senior Circuit Judge, and LAY and STEPHENSON, Circuit Judges.

PER CURIAM.

On July 18, 1973, the United States, plaintiff-appellant, commenced a civil action against Ozark Air Lines, Inc., defendant-appellee, alleging violations of the Federal Aviation Act and the Federal Aviation Regulations,[1] and sought to

---

1. The statute and regulations involved are: Section 601(a)(5) of the Federal Aviation Act, 49 U.S.C. § 1421(a)(5):

    (a) The Administrator is empowered and it shall be his duty to promote safety of flight of civil aircraft in air commerce by prescribing and revising from time to time:

    \*     \*     \*     \*     \*

    (5) Reasonable rules and regulations governing, in the interest of safety, the maximum hours or periods of service of airmen, and other employees, of air carriers;

Section 901(a)(1) of the Act, 49 U.S.C. § 1471(a)(1), provides in pertinent part:

    (a)(1) Any person who violates (A) any provision of subchapter \* \* \* VI \* \* \* of this chapter or any rule, regulation, or order issued thereunder \* \* \* shall be subject to a civil penalty of not to exceed $1,000 for each such violation. If such violation is a continuing one, each day of such violation shall constitute a separate offense \* \* \*.

Section 121.471 of the Federal Aviation Regulations, 14 C.F.R. § 121.471, provides:

    § 121.471 *Flight time limitations*: All flight crewmembers.

    (a) No domestic air carrier may schedule any flight crewmember *for duty aloft* in scheduled air transportation or in other commercial flying if that crewmember's *total flight time* in all commercial flying will exceed:

    (1) 1,000 hours in any calendar year.

    (2) 100 hours in any calendar month.

    (3) 30 hours in any seven consecutive days.

    (b) No domestic air carrier may schedule a flight crewmember *for duty aloft* for more than eight hours during any 24 consecutive hours without a rest period at or before the end of that eight hours, equal to twice the number of hours of *duty aloft* since the last rest period, but not less than eight hours. However, in conducting a scheduled transcontinental nonstop flight, an air carrier may schedule a flight crewmember for more than eight but not

collect some $15,000 in penalties. On cross motions for summary judgment based upon a stipulation of facts, the District Court, Harper, J., granted appellee's motion for summary judgment.

We affirm.

The single issue on appeal is whether the District Court erred in adopting the construction of Section 121.471(d) (see fn. 1) of the Federal Aviation Regulations proffered by appellee, that "back-up reserve status"[2] is not included within the definition of "duty" as it is used in that regulation.

Appellant contends that by scheduling flight crewmembers for back-up reserve during the 24-hour rest periods prescribed by Section 121.471(d), Ozark has failed to provide relief to those crewmembers "from all further duty." This contention by appellant is based on an interpretation of "duty" which includes any work status by crewmembers which could conceivably result in flight duty, as well as actual duty aloft.

Section 121.471(d) has remained essentially unchanged since it was first promulgated in 1926. Agency interpretations of the regulations since that time have variously held that back-up reserve status did or did not count as "duty" within the meaning of the regulation.

In a soundly reasoned and carefully documented opinion published as United States v. Ozark Airlines, Inc., 374 F. Supp. 234 (E.D. Mo.1974), Judge Harper concluded that "duty" in Section 121.471(d) does not include a crewmem-

ber on back-up reserve status. Instead, a crewmember may properly be available for duty during a period of rest so long as he is not actually called to duty.

We are in accord with Judge Harper's opinion and on the basis thereof we affirm.

more than 10 hours of continuous *duty aloft* without an intervening rest period, if

(1) The flight is in an airplane with a pressurization system that· is operative at the beginning of the flight;

(2) The flight crew consists of at least two pilots and a flight engineer.

(c) Each flight crewmember who has been *on duty aloft* for more than eight hours during any 24 consecutive hours must be given, upon completion of his assigned flight or series of flights, at least 16 hours of rest before being assigned to any duty with the air carrier.

(d) *Each domestic air carrier shall relieve each flight crewmember engaged in scheduled air transportation from all further duty for at least 24 consecutive hours during any seven consecutive days.* (Emphasis supplied.)

2. "Back-up reserve status" is a work status established by Ozark Air Lines for its flight crewmembers. A crewmember on back-up reserve status is free from immediate duty but is required to be available to be contacted within a two-hour period and to report for duty within two hours after being contacted.